## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,　　　　　Plaintiff,　　　　　v.　**WBM CONSTRUCTION, INC.,** a corporation and **LESZEK MOSKAL,** an Individual,　　　　　Defendants. | CIVIL ACTION　　File No.　FILED: JUNE 24, 2008　08CV3600　JUDGE GUZMAN　MAGISTRATE JUDGE COX　TG |

## COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **WBM CONSTRUCTION, INC.,** a corporation and **LESZEK MOSKAL,** an Individual from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

## II

(a)     Defendant **WBM CONSTRUCTION, INC.**, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 7501 W. Cornelia Avenue, Chicago, Cook County, IL within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name and style of **WBM CONSTRUCTION, INC.** in the operation of masonry construction and in the performance of related types of activities.

(b)     Defendant **LESZEK MOSKAL**, an individual, resides at 7501 W. Cornelia Avenue, Chicago, Cook County, IL, within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

## III

Defendant **WBM CONSTRUCTION, INC.** is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

## IV

Defendant **WBM CONSTRUCTION, INC.** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) the Act  in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying any of their employees wages at rates less than $5.15 per hour prior to July 24, 2007 and at rates less than $5.85 per hour after July 24, 2007 in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total

hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VIII

During the period since July 2006, defendants have repeatedly violated the aforesaid provisions of the Act.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants,

from withholding payment of unpaid minimum wages and overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

    (c)    For an Order awarding plaintiff the costs of this action; and

    (d)    For an Order granting such other and further relief as may be necessary or appropriate.

**GREGORY F. JACOB**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor


/s/Richard A. Kordys
**RICHARD A. KORDYS**
Attorney

Attorneys for **ELAINE L. CHAO,**
Secretary of Labor, United States Department of Labor, Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL  60604

Telephone:    (312) 353-1219
Facsimile:    (312) 353-5698
E-mail:kordys-richard@dol.gov; sol-chi@dol.gov

## **EXHIBIT A**

Kolasa, Boguslaw
Maka, Andrzel
Orawiec, Wladyslaw
Rawa, Roman
Rozwadowski, Jozef
Sobczak, Jozef
Staszel, Jan
Terenda, Andrzej
Urbanek, Michal